The opinion of the Court was read by Putnam J. at the April term 1823, as drawn up by
Parker C. J.
In the case of The Inhabitants of Milford v. Godfrey et al. it has been decided, that the town of Milford had no property in the meetinghouse, which was the subject of that action, and in which the pew which is the subject of this action was situated. And it is a necessary inference from the principles adopted in that case, that the property was in the Congregational parish in that town. Notwithstanding this, however, the plaintiff may have a property in the pew which he claims ; for the corporation may own the land, and the building, and individuals may, consistently with that right, have an independent property in the several pews. And as the plaintiff acquired his right , by a vote of the town, while it assumed and was allowed to act parochially in all. matters relating to the meetinghouse, there seems to be no reason to doubt the plaintiff’s property in this pew. But the property in a pew in a meetinghouse is not an absolute, but a qualified property ; it is an exclusive right to occupy a certain part of the meetinghouse, for the purpose of attending upon public worship, and for no other purpose, and is necessarily subject to the right in the parish to take down and rebuild the meetinghouse, and make such alterations as the good of the society may require. This restriction upon the property of the plaintiff grows out of the nature of the property, and the purposes to which it is applied. He cannot convert it to any other use, for, having acquired it as part of a house for *106 public worship, he can do nothing which may interfere with, or impair the use of the building for that purpose, or which may injure other holders of pews in the right enjoyment of their property.[1]
This is the common law of the land in relation to such kind of property ; and, by a late statute, (1817, c. 189,) this right s recognized, and the mode of executing it is established. By the fifth section of that statute, it is provided, that whenever the proprietors shall deem it necessary, for the purpose of repairing, altering, enlarging or rebuilding any meetinghouse, to take down any pews therein, it shall be lawful for them so to do, such pews being first appraised ; and that the pews newly built shall be sold, and the moneys arising from the sale be applied to the payment for the pews taken down.
It does not appear in the case, whether the proceedings required by this statute were had, or whether any indemnity has been given to the plaintiff; but still the defendants could not be trespassers in executing a vote of the parish, for before the statute the parish or society had a right to take down and rebuild the meetinghouse.[2] And if the plaintiff has suffered in his property by the destruction of the old meetinghouse, and the erection of a new one, he can have his action on the case, in which he will recover his reasonable damages ; or perhaps he may hold a property in the new pews corresponding with his property in the old ones, by submitting to his share of the expense.

Motion to take off the nonsuit overruled.

A parish is authorized to take down its meetinghouse in order to rebuild, either as a matter of necessity, as when it is ruinous, or of expediency; in tire former case, they are not, in the latter, they are, bound to indemnify a pew-holder for the loss of his pew. Howard v. First Parish in North Bridgewater, 7 Pick. 138. If a meetinghouse, having become unfit to be used as a place of public worship, is demolished by the parish, and the materials sold to aid in rebuilding, no pew-holder can claim his share of the proceeds. Per Parker C. J., Wentworth v. First Parish in Canton, 3 Pick. 346. See Fisher v. Glover, 4 N Hamp. R. 180; Bates v. Sparrell, 10 Mass. R. 323; Revere v Gannett, 1 Pick. 169; Pawson v. Scott, Sayer’s R. 176.

 A parish has a right to take down its meetinghouse in order to rebuild, without conforming to the provisions of St. 1817, c. 189; that statute not being intended to apply to parishes, but only to other proprietors of churches, &c Wentworth v. First Parish in Canton, 3 Pick. 344.